UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    Case No. 11-mc-51079

               Plaintiff,                    District Judge Arthur J. Tarnow

v.                                           Magistrate Judge R. Steven Whalen

BARBARA MITCHELL,

               Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant Barbara Mitchell has filed objections to a writ of garnishment issued by Plaintiff on the State of Michigan Income Tax Division, along with a request for hearing [Doc. #7].[1] The Court held a hearing on Defendant's objections on October 20, 2011. For the reasons discussed below, I recommend that Defendant's objections be DENIED.

## I.    BACKGROUND

Ms. Mitchell pled guilty to conspiracy to commit federal crimes (credit card fraud), and was sentenced on May 8, 2001 to 24 months incarceration. She was also ordered to pay $1,500,000 in restitution, jointly and severally with her 14 co-defendants. Little has been paid.

In September of 2011, after the government received writs of garnishment for the Michigan First Credit Union and the Michigan Department of Treasury (based on any State income tax refund owing to Ms. Mitchell), Ms. Mitchell and the government reached an agreement whereby the Michigan First Credit Union garnishment (but not the

---

[1] The government has withdrawn its continuing writ of garnishment on the Michigan First Credit Union, rendering that issue moot.

-1-

Department of Treasury garnishment) would be released, and Ms. Mitchell would make payments of $100 per month.

Ms. Mitchell's objection and request for hearing reads as follows:

"It is creating a hardship for me to be able to continue my degree program in order to maintain my employment and to pay for living expenses, medical bills, prescriptions, insurance and all other monthly obligations."

At the hearing, Ms. Mitchell stated that she takes home about $450 to $500 biweekly. She has $150 per pay period deducted for a retirement account. In addition to her regular monthly expenses, she is also enrolled part-time in a Bachelor's degree program at Wayne State University. Her job requires her to pursue a college degree.

## II.    DISCUSSION

First, Ms. Mitchell is to be commended for eschewing further criminal activity and leading the life of a law-abiding, productive, tax-paying citizen since her release. And she is certainly not living high off the hog on $250 per week. Moreover, everyone understands that her $1.5 Million dollar debt will never be paid off at $100 per week.

However, as I stated in *United States v. McGhee*, 2007 WL 4326807, *1 (E.D.Mich. 2007), "[W]hile the Court is not unsympathetic to [Defendant's] financial plight, poverty does not constitute a defense to a writ of garnishment. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment."  A debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption, *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996), and likewise here, Ms. Mitchell has not met her burden of showing that the funds in question are exempt

2:11-mc-51079-AJT-RSW   Doc # 12   Filed 10/27/11   Pg 3 of 4   Pg ID 48

from garnishment.[2]

### III.   CONCLUSION

I therefore recommend that Ms. Mitchell's objections to the writ of garnishment [Doc. #7] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue

---

[2] After the hearing, I had an off-the-record discussion with Ms. Mitchell and counsel for the government, at which I raised the possibility of reducing the monthly payment to something less than $100. Given that the $100 per month agreement had only been in effect for a month or so, it was decided that Ms. Mitchell would continue those payments for six months, after which the parties would reconvene in my chambers to reassess the situation and discuss modifying the payment agreement.

-3-

contained within the objections.

                                    s/ R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE

Date:  October 27, 2011


The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of
Electronic Filing on October 27, 2011.

Barbara Mitchell
19676 Lancaster
Harper Woods, MI 48225                     s/Johnetta M. Curry-Williams
                                           Case Manager