UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BARBARA MITCHELL,

        Defendant.

                               /

No. 11-51079

District Judge Arthur J. Tarnow

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Barbara Mitchell's motion to set aside the order of restitution [Doc. #16], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be DENIED.

**I.    BACKGROUND**

Ms. Mitchell pled guilty to conspiracy to commit federal crimes (credit card fraud), and was sentenced on May 8, 2001 to 24 months incarceration. She was also ordered to pay $1,500,000 in restitution, jointly and severally with her 14 co-defendants.

In September of 2011, after the government received writs of garnishment for the Michigan First Credit Union and the Michigan Department of Treasury (based on any State income tax refund owing to Ms. Mitchell), Ms. Mitchell and the government reached an agreement whereby the Michigan First Credit Union garnishment (but not the Department of Treasury garnishment) would be released, and Ms. Mitchell would make payments of $100 per month.

Ms. Mitchell then filed an objection to the Department of Treasury garnishment [Doc. #7]. I filed a Report and Recommendation to deny the objection [Doc. #12] which

the Court adopted [Doc. #13]. Ms. Mitchell then filed the present motion to set aside the restitution order.

## II. DISCUSSION

Underlying all of Ms. Mitchell's post-judgment challenges to her restitution obligation is her limited income. Although she is employed, she does not earn a lot of money. As I stated in my previous Report and Recommendation [Doc. #12], "she is certainly not living high off the hog on $250 per week."

At the hearing on this motion, the Plaintiff was open to reviewing Ms. Mitchell's financial status with an eye toward possibly renegotiating her payment plan, and she was to provide updated financial information within 14 days. The Plaintiff states that as of the date of filing its response, it has not received that information. Regardless, this Court does not have the authority to set aside the restitution order.

Under 18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(ii), an order of restitution was mandatory in this case. 18 U.S.C. § 3664 (f)(1)(A) states, "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." In addition, § 3664(o) provides that a sentence that contains an order of restitution is a final judgment. Given the mandatory nature of a restitution order, this Court has no authority to set it aside. So held the Court in *United States v. Baird*, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009), citing numerous cases:

> "Upon review of the relevant law and the parties' briefs, the Court does not find such a grant of authority in § 3664(k) of the MVRA. As stated above, § 3664(k) is a mandatory restitution statute and permits a court to modify a restitution order to 'adjust the payment schedule' or 'require immediate payment in full, as the interests of justice require.' *Id.* § 3664(k). Thus, § 3664(k) only gives this Court authority to adjust or modify the payment *schedule,* not rescind Baird's payment of restitution or reduce Baird's obligation to pay it. *See United States v. Mandel,* 179 F. App'x. 965, 966–67

(7th Cir.2006) (stating '[a]fter the window ... to appeal his sentence closed, no avenue was available to the district court to redetermine the appropriate amount of restitution. The governing statute [§ 3664(k) ] permits a defendant to seek a revised payment schedule, but not a reduced obligation') (citing *United States v. Goode,* 342 F.3d 741, 743 (7th Cir.2003); *United States v. Farris,* No. 1:02–CR–173–02, 2006 WL 2022526, at *1 (W.D.Mich. July 17, 2006) (stating that under the MVRA, the Court has 'no authority' to release the defendant from his restitution obligation in full); *see also United States v. Wolfe,* 10 F. App'x 249, 250 (6th Cir.2001).  Accordingly, because there is no statutory authority for this Court to relieve Baird of her obligation to pay the full amount of the restitution, the Court hereby sustains the government's objection, rejects the recommendation of the R & R, and denies Baird's request for relief from her obligation to pay restitution."[1]

*See also United States v. O'Connor*, 2008 WL 916969, at *1 (E.D. Wis. 2008)(Court has no jurisdiction to set aside a mandatory order of restitution).[2]

### III.  CONCLUSION

I therefore recommend that Ms. Mitchell's motion to set aside order of restitution [Doc. #16] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

---

[1] In fn. 4, *Baird* noted the outlier opinion in *United States v. Turner*, 312 F.3d 1137, 1143 (9th Cir.2002), where the Court held that "a court may reduce restitution if it finds that a defendant's economic circumstances have changed." *Baird* stated, "However, the opinion in *Turner* provides no legal authority or analysis in support of this proposition."

[2] I note, however, that on proper request, and on a showing of financial hardship, § 3664(k) does give the Court the discretion to amend the terms of payment.

Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 18, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 18, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen